**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

INDIGO OLD CORP., INC. f/k/a
INDIGO STUIDOS, INC.,

     *Plaintiff,*

     v.

THOMAS P. GUIDO,

     *Defendant.*

)
)
)
)
)
)
)
)
)
)
)

No.  19 C 7491

Judge Virginia M. Kendall

## MEMORANDUM OPINION AND ORDER

This is Plaintiff's fourth attempt to bring a cause of action to enforce a Guaranty against Defendant.  Defendant moves to strike the operative Third Amended Complaint under Federal Rule of Civil Procedure 12(f)(2) and to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion to dismiss is granted.  Defendant's motion to strike is denied as moot.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Second Amended Complaint and are assumed true for purposes of this motion.  *W. Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670, 675 (7th Cir. 2016).

On or about March 17, 2017, Plaintiff Indigo Old Corp., Inc. ("Indigo Old") and Marc Rochon (Indigo Old's sole shareholder) entered into a Membership Interest Purchase Agreement pursuant to which IS Investments, LLC ("ISI") purchased 100% of the membership interest in Indigo Studios, LLC ("IS").  (Dkt. 51 ¶ 5).

On or about April 17, 2017, ISI executed a Promissory Note in favor of Indigo Old for $2 million. (Dkt. 51 ¶ 6). The Promissory Note provides:

> There shall be no payments of principal or interest on this Note for a period of two (2) years from the date hereof. In the first month following the second anniversary hereof, [ISI] shall pay [Indigo Old] a single sum equal to all interest accrued through such second anniversary. Thereafter, the principal sum of this Note shall be paid in twelve (12) consecutive, uninterrupted, and subsequently equal quarterly installments with the first such installment to be paid at the end of the third month following the second anniversary hereof, and the remaining installments to be paid thereafter on a quarterly basis until the principal sum of this Note shall have been paid in full.

(Dkt. 51 ¶ 7; Dkt. 51-1 at 2). Thomas Guido guaranteed the note on or about April 17, 2017, and his Guaranty provides that, should ISI fail to make timely payment under the Promissory Note, Indigo Old may proceed against Guido without first proceeding against ISI. (Dkt. 51 ¶¶ 11, 18; Dkt. 51-2 at 2).

Indigo Old, ISI, and IS entered into a Subordination Agreement on April 17, 2017, with what is now known as CIBC Bank USA ("Bank"). (Dkt. 51 ¶ 20; Dkt. 51-3). The Subordination Agreement subordinates the Promissory Note to a note issued by the Bank to ISI and IS. (Dkt. 51-3 at 2).

Plaintiff alleges that, to date, regarding the Promissory Note, "ISI has failed to make payments of $177,360.66 on each of the following payment deadlines: (i) July 31, 2019, (ii) October 31, 2019, (iii) January 31, 2020, (iv) April 30, 2020, (v) July 31, 2020, and (vi) October 21, 2020. The interest currently owed is $212,502.46 (as of December 20, 2020), and the principal balance is consequently still $2,000,000." (Dkt. 51 ¶ 8).

Indigo Old filed an initial two-count Complaint on November 13, 2019 against Guido and ISI. (Dkt. 1). Guido and ISI moved to dismiss the Complaint (Dkt. 12) and Indigo Old responded by filing the First Amended Complaint on January 30, 2020 (Dkt. 19). The First Amended Complaint asserted a cause of action against Guido for breach of the Guaranty and a declaratory judgment that Rochon was not bound by the terms of a non-compete provision contained in a separate contract. (Dkt. 19). Defendants again moved to dismiss the First Amended Complaint. (Dkt. 21). On July 1, 2020, the Court dismissed the cause of action for declaratory judgment but declined to dismiss the cause of action against Guido for breach of the Guaranty. (Dkt. 32). In the Second Amended Complaint, Indigo Old brought a single cause of action against Guido for a breach of his Guaranty. (Dkt. 34). The Court dismissed the Second Amended Complaint finding that, because Indigo Old inadequately pled ISI was in default under the Promissory Note, it had not alleged Guido was liable under the Guaranty. (Dkt. 50). The Court granted Indigo Old the opportunity to replead and cure this fatal deficiency, resulting in the operative Third Amended Complaint. (Dkt. 51).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiff's favor. *Schumacher*, 844 F.3d at 675 (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Seventh Circuit interprets this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vansant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

## DISCUSSION

### I. Default under the Promissory Note

In dismissing Indigo Old's Second Amended Complaint, the Court plainly identified the ultimate failing in its claim against Guido for breach of the Guaranty. First, Guido can only be liable under the Guaranty if ISI is in default under the Promissory Note. (Dkt. 50 at 6). Second, the Promissory Note and Subordination Agreement constitute a single instrument and must be read together. (Dkt. 50 at 7). The Subordination Agreement outlines the circumstances under which ISI is

Page 4 of 7

required to pay Indigo Old under the Promissory Note; namely, when specific financial conditions are met. (Dkt. 50 at 7). In order to plead ISI is in default under the Promissory Note and, relatedly, that Guido is liable under the Guaranty, Indigo Old must allege that "at any of the payment deadlines identified by Indigo Old, ISI satisfied the financial conditions expressed in the Subordination Agreement." (Dkt. 50 at 8).

Indigo Old has not plead such factual allegations in the Third Amended Complaint. Instead, Indigo Old merely identifies the dates at which ISI failed to make payments without any indication whether ISI met the financial conditions under the Subordination Agreement. (Dkt. 51 ¶ 8). Indigo Old has not included the factual allegations necessary to salvage its claim against Guido.

The only substantive additions to the Third Amended Complaint are a handful of excerpts from the Promissory Note, the Guaranty, and the Subordination Agreement. (Dkt. 51 ¶¶ 9, 16–17). All three of these instruments were incorporated by attachment and reference to the Second Amended Complaint and fully considered by the Court previously. Indigo Old also alleges in the Third Amended Complaint that the relevant parties did not intend for the Subordination Agreement to modify the Promissory Note. (Dkt. 51 ¶¶ 21–22, 25). This suggests a misunderstanding of the Court's previous ruling. The Subordination Agreement did not *modify* the Promissory Note, the Subordination Agreement and the Promissory Note are properly read together as a unified instrument. (Dkt. 50 at 7).

Even with clear guidance from the Court, Indigo Old has failed four times to articulate a viable cause of action against Guido. The Third Amended Complaint is dismissed with prejudice.

## II. Attorney's Fees and Expenses

Guido seeks the reasonable costs and fees associated with defending against Indigo Old's claim under the Guaranty.

Illinois follows the "American Rule" whereby each party bears its own litigation costs unless a statute or contractual provision expressly provides otherwise. *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) (citing *Duignan v. Lincoln Towers Ins. Agency, Inc.*, 667 N.E.2d 608, 613 (Ill. App. Ct. 1996), *Ritter v. Ritter*, 46 N.E.2d 41, 43 (Ill. 1943), and *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 839 (7th Cir. 2010)). As an exception to the general rule, contractual provisions permitting fee shifting are strictly construed and, absent specific language, successful litigants cannot recover attorney fees and costs. *Negro Nest, LLC v. Mid-Northern Mgmt., Inc.*, 839 N.E.2d 1083, (Ill. App. Ct. 2005) (citing *Helland v. Helland*, 573 N.E.2d 357, 359 (Ill. App. Ct. 1991) and *Estate of Downs v. Webster*, 716 N.E.2 1256, 1260 (Ill. App. Ct. 1999)). Ultimately, the decision to award attorney fees and costs pursuant to such a provision lies within the courts' sound discretion. *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 734 (7th Cir. 2010) (citing *Pa. Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989), *Mount batten Sur. Co v. Szabo Contracting, Inc.*, 812 N.E.2d 90, 104 (Ill. 2004), and *Powers v. Rockford Stop-N-Go, Inc.*, 761 N.E.2d 237, 241 (Ill. App. Ct. 2001)).

The Guaranty contains a fee-shifting provision which provides:

In the event there is a dispute between [Indigo Old] and [Guido] regarding the Guaranteed Obligations, the prevailing party in such dispute shall be entitled to costs and expenses incurred, including reasonable attorneys' fees and expenses, in connection with such dispute.

(Dkt. 51-2 at 3). As the instant motion is granted with prejudice, Guido is the prevailing party and is entitled to the reasonable costs and expenses, including attorneys' fees, incurred in this litigation.

## CONCLUSION

For the foregoing reasons, Giudo's motion to dismiss (Dkt. 53) is granted with prejudice and Guido's motion to strike (Dkt. 52) is denied as moot. Indigo Old and its counsel are ordered to pay Guido's reasonable costs and expenses, including attorneys' fees, incurred in this litigation. Guido shall submit a fee petition within 14 days of the filing of this Opinion.

_____
Virginia M. Kendall
United States District Judge

Date: April 21, 2021