### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| INDIGO OLD CORP., INC. f/k/a INDIGO STUIDOS, INC., | ) ) ) | |
| *Plaintiff,* | ) ) ) | No. 19 C 7491 |
| v. | ) ) | Judge Virginia M. Kendall |
| THOMAS P. GUIDO, | ) ) | |
| *Defendant.* | ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Thomas Guido's Fee Petition. (Dkt. 61). While not contesting the reasonableness of the attorneys' fees and expenses claimed by Defendant, Plaintiff Indigo Old Corp., Inc. ("Indigo Old") seeks to defer award of same. (Dkt. 71). The Court declines Indigo Old's invitation to defer an award and grants Guido $57,432.50 in attorneys' fees and $1,797.99 in costs.

### BACKGROUND

Indigo Old filed suit against Guido on November 13, 2019. (Dkt. 1). A fulsome description of the conduct and claims at issue may be found in this Court's April 21, 2021 Memorandum Opinion and Order. (Dkt. 59). Guido and IS Investments, LLC ("ISI") moved to dismiss the initial Complaint (Dkt. 12) and Indigo Old responded by filing the First Amended Complaint on January 30, 2020 (Dkt. 19) which the Court partially dismissed on July 1, 2020. (Dkt. 32). Indigo Old filed a Second Amended Complaint on July 22, 2020 (Dkt. 34) which the Court dismissed on November 29,

2020. (Dkt. 50). Indigo Old filed a Third Amended Complaint on December 18, 2020 (Dkt. 51). The Court once dismissed the Third Amended Complaint with prejudice on April 21, 2021 and entered judgment. (Dkt. 59; Dkt. 60). Guido now moves for recovery of attorneys' fees and expenses. (Dkt.61).

## DISCUSSION

### I.   Motion to Defer Ruling on Fee Petition

Indigo Old requests award of attorneys' fees and expenses be deferred until the pending appeal to the Seventh Circuit is resolved. (Dkt. 71 ¶ 2). The Court declines to exercise its discretion to defer ruling on a fee petition during the pendency of an appeal on the merits. Fed. R. Civ. P. 54(d)(2) advisory committee's note. Indigo Old offers no justification for delaying an award other than the possibility that the Seventh Circuit's ruling will impact the ultimate allocation of fees and expenses. (Dkt. 71 ¶ 2). Indigo Old's motion to defer awarding attorneys' fees and expenses is denied. (Dkt. 71).

### II.   Attorneys' Fees and Costs

The Guaranty's fee-shifting provision affords:

> In the event there is a dispute between [Indigo Old] and [Guido] regarding the Guaranteed Obligations, the prevailing party in such dispute shall be entitled to costs and expenses incurred, including reasonable attorneys' fees and expenses, in connection with such dispute.

(Dkt. 51-2 at 3); *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) (authorizing fee shifting under an express contractual provision as an exception to Illinois's application of the "American Rule"). Although Indigo Old does

not contest the attorneys' fees and costs claimed by Guido, the Court evaluates their reasonableness nonetheless. (Dkt. 71 ¶ 1).

Fees shifted pursuant to a contractual provision "require reimbursement for commercially-reasonable fees no matter how the bills are stated." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013) (quoting *Matthews v. Wisconsin Energy Corp., Inc.*, 642 F.3d 565, 572 (7th Cir. 2011)). Commercial reasonableness, often indicated by a willingness to pay, is determined by "aggregate costs in light of the stakes of the case and the opposing party's litigation strategy." *Matthews*, 642 F.3d at 572. A commercial reasonableness analysis does not require a "detailed, hour-by-hour review of a prevailing party's billing records." *Johnson Controls, Inc.*, 712 F.3d at 1027 (quoting *Matthews*, 642 F.3d at 572).

Guido seeks $57,432.50 in attorneys' fees and $1,797.99 in costs. In support of that request, Guido submits invoices and billing sheets reflecting $57,432.50 in attorneys' fees and $1,797.99 in costs, which Indigo Old does not contest. (Dkts. 61-1; 71 ¶ 1). Based on a review of the submitted billing sheets and invoices, the Court sees nothing unreasonable about the $57,432.50 in attorneys' fees and $1,797.99 in costs, so these amounts shall be awarded.

Finally, Guido is granted leave to file a supplemental fee petition to recover the reasonable costs and fees incurred in preparing the instant motion.

## CONCLUSION

Guido is awarded $57,432.50 in attorneys' fees and $1,797.99 in costs.  (Dkt.

61).  Guido shall submit a supplemental fee petition for costs associated with the

instant petition within 14 days of the filing of this Opinion.

_____

Virginia M. Kendall
United States District Judge

Date: July 19, 2021